BONNIE KATE WEXLER CRAWFORD

*v.*

BORDEN MILLS, INC.

(*Knoxville,* September Term, 1956.)

Opinion filed June 7, 1957.

H. L. GARRETT, Kingsport, for plaintiff in error.

PENN, HUNTER, SMITH & DAVIS, BEN C. DAVIS and WILLIAM H. CATE, Kingsport, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a workmen's compensation suit. The petitioner and employer, Borden Mills, Incorporated, instituted this suit against the defendant, the employee, Bonnie Kate Wexler Crawford, denying she sustained an injury by accident arising out of and in the course of her employment and praying that she come into court and prove her claim, if any.

The employee claims that on March 6, 1956, she sustained injuries to her back by an accident arising out of and in the course of her employment.

The trial judge found that Mrs. Crawford did not sustain injuries by accident arising out of and in the course of her employment with the employer and dismissed her suit.

Mrs. Crawford claims she was injured on March 6, 1956, when she pulled a box off of a conveyor about 8:30-

9:00 p.m.; that she was working 3-11:00 p.m. shift and George Hickman was her foreman and he was there washing his hands when she told him she hurt her back. She claims that she told Doctor Rule, Mr. Chase and Mrs. Minton that she was hurt on the job.

The lower court found that the only question to decide from the evidence was whether or not she received a back injury on this occasion while she was working at Borden Mills.

Four reputable witnesses testified that this complaint was from an old injury and this testimony stands as against only her own testimony.

The trial judge thereupon held that the preponderance of the evidence was in favor of the contention of the petitioner and that she did not suffer injury by reason of the fact that she pulled a box off a conveyor as claimed by her.

In compensation cases, the finding of fact of the trial court will not be disturbed on appeal if supported by any material evidence. *Block Coal and Coke Co. v. Gibson*, 199 Tenn. 116, 285 S.W.2d 112, and other cases cited in 1956 Cum.Supp.T.C.A. Sec. 50-1018, note 39.

The weight of the evidence and the credibility of the witnesses are finally determined in the trial court. *Benjamin F. Shaw v. Musgrave*, 189 Tenn. 1, 222 S.W. 2d 22.

We find no error in the judgment of the trial court and it must be affirmed.